✓ FILED ___ LODGED
___ RECEIVED ___ COPY
FEB 07 2017
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY KA DEPUTY

Justin Sloan Medved
2102 W. Dunlap Ave.
Phoenix, Arizona 85021
Phone:(480)547-7828
Email: info@justinmedved.com

# In The Federal District Court of Arizona
# Phoenix Division

Justin Sloan Medved

Plaintiff,

v.

Google Inc.;
Yahoo Inc.;
GoDaddy Operating Company, LLC;
Facebook Inc.;
YouTube, LLC;
MetroPCS Communications, Inc.;
LinkedIn Corporation

Defendant,

**Case No.** CV-17-383-PHX-SPL

**THE COMPLAINT OF JUSTIN SLOAN MEDVED TO SEEK DECLARATORY RELIEF & MONETARY REMEDY FOR THE CAUSES OF ACTION TO THE COUNTS OF A RACKETEERING INFLUENCED AND CORRUPT ORGANIZATION ACT VIOLATION WHICH WAS MADE IN ATTRIBUTION TO THE RACKETEERING ACTIVITY OF DREAMWORKS ANIMATION AGAINST PLAINTIFF**

## 1. Jurisdiction

**2.** Justin Sloan Medved brings this complaint under federal diversity jurisdiction, 28 U.S. Code § 1332, as the parties are completely diverse in citizen by State and Country and the amount in controversy exceeds the amount of $75,000.00, and 28 U.S.C § 1343 (civil

rights and elective franchise jurisdiction) because the acts in question were committed through 42 U.S.C § 1985.

## 3. PARTIES

4. **Plaintiff** Justin Sloan Medved is a resident of 2102 W. Dunlap Ave. Phoenix, Arizona 85021. Hereafter **Plaintiff** Justin Sloan Medved is referred to as **plaintiff.**

5. **Defendant** Google Inc. is the incorporation liable for all Gmail accounts and the Google search engine along with every other service Google Inc. provides. **Defendant** Google Inc. can be reached at 1600 Amphitheatre Parkway. Mountain View, CA 94043. Hereafter defendant Google Inc. is referred to as **Google Inc.** or **Google**.

6. **Defendant** Yahoo Inc. is the incorporation which provides web services such as the news, email accounts, and marketing commonly known as Yahoo!. **Defendant** can be reached at 701 1st Ave, Sunnyvale, CA 94089; Telephone number: (408) 349-3300. Hereafter defendant Yahoo Inc. will be referred to as **Yahoo**.

7. **Defendant** MetroPCS Communications Inc. is an incorporation responsible for the liability listed in this complaint which stems from plaintiff's phone. **Defendant** MetroPCS Communications Inc. can be reached at the MetroPCS Privacy Office at 12920 SE 38th Street Bellevue, Washington 98006. Hereafter defendant MetroPCS Communications Inc. will be referred to as **MetroPCS Communications Inc.** or **MetroPCS.**

8. **Defendant** GoDaddy Operating Company, LLC is an incorporation responsible for the liability of godaddy.com and all of its services. **Defendant** GoDaddy Operating Company, LLC can be reached at 14455 N. Hayden Rd., Ste. 226 Scottsdale, AZ 85260 USA; Telephone number: (480) 505-8800 and is subject to Federal Jurisdiction through their attribution to racketeering activity that involves constituted authority figures and

affects the severity of each figures crimes against plaintiff by Article III of the United States Constitution. Hereafter defendant GoDaddy Operating Company, LLC will be referred to as **GoDaddy Operating Company, LLC**, **Godaddy**, or **Godaddy.com**.

9. **Defendant** Facebook Inc. is an incorporation responsible for the services offered by facebook.com. Facebook Inc. **Defendant** Facebook Inc. can be reached at 1601 Willow Road, Menlo Park, California 94025; Telephone number: (650) 308-7300. Hereafter defendant Facebook Inc is referred to as **Facebook Inc.** or **Facebook**.

10. **Defendant** YouTube, LLC is a limited liability company and is a subsidiary company liable for every service offered by the site youtube.com. **Defendant** YouTube, LLC can be reached at 901 Cherry Ave. San Bruno, CA 94066. Hereafter defendant Youtube, LLC is referred to as **Youtube** or **Youtube, LLC**.

11. **Defendant** LinkedIn Corporation is a corporation liable for certain violations of plaintiff's privacy listed in this complaint. **Defendant** LinkedIn Corporation can be reached at the address of 2029 Stierlin Court. Mountain View, CA 94043. Hereafter defendant LinkedIn Corporation is referred to as **LinkedIn**.

## 12.**Statement of Claim**

13. Now comes the plaintiff pro se and petitions this court for monetary and declaratory relief against each defendant for violating plaintiff's civil rights by the invasion of his privacy in such a violation of the restatement of Torts 652 D, the intentional infliction of emotional distress, negligent infliction of emotional distress, conspiracy to violate plaintiff's civil rights, violation of the Electronic Communications Privacy Act of 1986 made to attribute to racketeering activity of Dreamworks Animation against plaintiff, as such a Racketeering Influenced and Corrupt Organization Act violation will to be added to the claims in this complaint for each organizations violation of 15 U.S.C § 45 in attribution to such criminal activity. As such consumer fraud will

also be added to the claims for relief. The pleadings in this complaint will be taken under Rule 9 (2)(b) of the Federal Rules of Civil Procedure which allows for the extension of pleadings in order to properly explain elaborate conspiracies and violations surrounded by fraud.

## 14. **Pleadings**

15. Conversations in plaintiffs emails from his Gmail account which Google Inc. is responsible for publicizing heavily by word of mouth and using the content of plaintiff's emails to inflict a relation to those emails through the outcome of current events.

16. Evidence of emails from Facebook, Inc. and Michael Patrick Medved which were kept in a folder titled "Lawsuits" that were to be used as evidence against Facebook and Michael Patrick Medved were deleted from plaintiff's account completely.

17. Plaintiff became suspicious that information in his computer was being highly monitored by the NSA and Google Inc. given that each claim plaintiff has brought to the courts makes it seem like the whole world revolves around attributing racketeering activity to the Dreamworks Animation case against plaintiff along with the fact that the NSA admitted to highjacking computers of those who marketed by mass email as plaintiff had been doing just before the NSA's rogue spying activity was brought to the public, and current events that plaintiff did not make a mental note of at the time they took place were being revolved around the contents of plaintiff's search engine. So plaintiff began creating journal like entries and entering them in the google search engine that were the result of ventilation from the deprivation he is suffering along with the mind control he is suffering. Eventually plaintiff told the search engine that he was done chatting with it and bid it farewell, 7 hours later that day Amit Singhal, the head of Google's search engine department, announces his resignation. This fact proves Google Inc. has reinstated its

illegal search engine cookies which displays to Google Inc. what each IP address searching on the google search engine is searching.

18. The cookies set in place that are being used to publicize plaintiff's life and make the biggest deal out of the smallest items along with the invasion of each account listed in this complaint that has been used to violate plaintiff by each company which is violating plaintiff much similarly to the cookies set in place by Google, is ruining the mechanics of psychological standards that the average mind would normally understand each item that each company is blowing out of control and is much like trying to turn trash into gold in terms of items that could be used against plaintiff to embarrass him and is causing plaintiff much confusion onto why these companies are treated with such respect that they receive when their actions and displays of behavior are so asinine.

19. Each company in this complaint is responsible for violating the R.I.C.O Act violation in attributing racketeering violations against plaintiff to the activity described in case number CV-16-00405-PHX-DJH and is violating 15 U.S.C § 45 in such attribution.

20. In *United States Vs. Google Inc.* Google was indicted for illegally sending hidden code into the Safari browser and forcing a cookie called the "double click cookie" that could track all of the users data for potential exploitation of that users privacy.

21. Plaintiff made most of his entries on his PlayStation 4 web browser and given the circumstances that played out when he told the search engine he was finished speaking with it, it seems only feasible that Google is also using cookies to violate plaintiff's privacy.

22. This is an extreme violation of Google privacy policy along with each other organizations privacy policies listed in this complaint for their crimes against plaintiff.

23. Plaintiff just recently purchased an Acer Chromebook laptop under the impression it was a new model created solely by Acer and found out when he received the laptop that Google had created their own operating system to run off of a laptop designed by Acer and other computer company to be called Chromebooks.

24. Plaintiff noticed that the operating system Google designed runs nearly 95% off of the internet and a persons Google account giving Google nearly 95% control over that users computer roughly.

25. Given Googles lack of respect for the general public it seems that such an operating system and computer series was designed to be apart of one of the most elaborate phishing scams in history.

26. As such Google has far from proven that they are competent enough to sell computers with such a simple operating system and have in fact proven to the contrary.

27. Each company committing a crime against plaintiff is not only just committing a crime but committing a hate crime in attribution to the racketeering activity of Dreamworks Animation against plaintiff and the majority of brown haired personal that consists of each organization.

28. In a case concerning defendant MetroPCS, plaintiff sent a text message to Laura Medved stating that his wisdom tooth on the right side of his mouth had chipped off to the gum on the 9th of June in 2016 at 7:26 A.M. and on the 12th of June in 2016, Omar Mateen, broke into The Pulse nightclub in Orlando and killed 49 people. The Pulse nightclub is most notably a club for homosexuals and when aspect of this event is connected, the shooting served as a contribution to the racketeering activity of Dreamworks Animation through the invasion of plaintiff's privacy through the attributing film *Brokeback Mountain* which

is described for its role in attributing to the racketeering activity of Dreamworks Animation against plaintiff later on in this complaint. The date in which plaintiff sent this text message, 6/9, served as a play on with those who are into Satan in Christianity and sexuality through the aforesaid crime and the group of people it was committed on.

29. GoDaddy Operating Company, LLC who is responsible for the liability of godaddy.com through actions made against plaintiff that extend to the point of not only publicizing and deleting plaintiffs emails as Google did but also responding the plaintiffs emails which caused Amazon.com to issue 3 refunds to 3 separate responses made by godaddy.com on plaintiffs email account. Which plaintiff has copies of each emails amazon.com sent him notifying plaintiff of the responses that caused the refunds that will be submitted as evidence upon the grant allowing plaintiff to file electronically.

30. In a report made to the FBI through plaintiff's email account which he purchased from defendant GoDaddy Operating Company, LLC concerning suspicious activity that was taking place revolving around the National Football League's Golden Season and the league's attribution towards racketeering activity. Plaintiff made a report claiming that he was suspicious that the former guitarist of the rock band Jefferson Airplaine had undergone euthanasia as a result of the Super Bowl matchings that year and in the original report thought the guitarists last name was Kanter and later made a correction report after realizing that the musicians last name was actually Kantner and on the 26th of October in 2016, plaintiff viewed the film *Knock Knock* with his Amazon Prime membership and noticed that the two females who claim to be lost at the beginning of the film say that they realized the address they were looking for was Kantner not Kanter, which shares a relationship between the content of plaintiff's report to the FBI that is to

out of the ordinary to be a coincidence. The film *Knock Knock* is distributed by a specialty film division of Lions Gate therefore shares the liability for the invasion of plaintiff's privacy in attribution to the racketeering activity of plaintiff along with GoDaddy Operating Company, LLC, see complaint made in *Medved V. Dreamworks Animation SKG, Inc.*. The film notably stars the actor who played the main character in the main film at question in the *Stewart V. Wachowski* case.

31. In one email which plaintiff sent from the email account he purchased from GoDaddy Operating Company, LLC to Michael Patrick Medved and Laura Medved, plaintiff described how he had felt like the game *Destiny* was much similar to the type of game where the consumer would constantly have to pay to keep playing, most commonly seen in phone application games. This was before he understood the concept of the game *Destiny* in full and was just after he had upgraded to the PlayStation 4 and had not been fully aware of all of the new consoles features and the roles each feature served. About a week and a half later Bungie, Inc. who is responsible for the game *Destiny* along with Activision Publishing, Inc. provides an update that offers the player with a number of emotion actions that can be assigned to their character for the price of a currency specific the game, which is silver, which the player is able to purchase through the PlayStation Store in various different packages therein adding a feature that would allow the game to slightly relate to a genre of games where the player is required to pay to advance in the game commonly seen in phone application games which were subject to plaintiff's email.

32. In another case with GoDaddy.com Operating Company, LLC plaintiff had contacted Columbia Records about a settlement deal with one of their artists and a couple weeks afterwards plaintiff began seeing twitter posts of show posters advertising the artists show

that were made revolving around jokes plaintiff made in ventilation to Michael Patrick Medved and Laura Medved in an email that was sent to them a few months prior to that settlement attempt.

33. In another instance with GoDaddy Operating Company, LLC and possibly Youtube, LLC plaintiff had been watching the Korean television show *The Business Daily* on Arirang through Youtube and noticed something strange about the host's subconscious reactions, as though she started to become tired of her job in Korea and was ready to move to Phoenix and report the news in Phoenix after she had found out that plaintiff had been viewing her show at which point plaintiff pointed out in an email to Michael Patrick Medved and Laura Medved that the host appeared as though she could use a break and literally a few days later she took the following next 6 business days off from hosting the show.

34. In a case with The LinkedIn Corporation, plaintiff began receiving emails in the inbox of the email account he purchased from GoDaddy.com, concerning people who he had either researched or emailed through the email of his GoDaddy.com account, which asked plaintiff if he would like to be connected with any of those people through the LinkedIn site.

35. Plaintiff even set up a little trap in his email account in which he set the number of emails in his inbox, trash folder, and drafts folder to equal 66. He then set his junk folder to show 6 emails. It was 2 times within 3 days that godaddy.com deleted emails from his junk folder to set his email account to display 6 sixes as this trap played on with the concept to the offender that it takes 6 sixes to channel Satan, not 7 and that the 7th 6 is just junk. This test/trap plaintiff set up was documented to the FBI as it was taking place.

36. The violations made in this complaint are also related to the content of messages made on plaintiffs Facebook account that were widely publicized and used to affect the outcome of current events and would falsely claim on behalf of plaintiff that plaintiff liked and endorsed pages that were relevant to plaintiffs deprivation such as horse farms or news stations.

37. Facebook Inc. would also at times randomly lock plaintiff out of his account and force him to submit a photo ID into Facebook so they could unlock his account. It was these emails in which plaintiff submitted his photo ID into Facebook and Facebook responded that they were unable to validate his drivers license, claiming the photo on the ID was not the user who signed up for the account even after plaintiff submitted his photo ID twice to Facebook.

38. YouTube, LLC a Google Inc. subsidiary has also highly publicized messages made on youtube.com made by plaintiff and falsely endorsed channels of news stations depriving plaintiff on behalf of plaintiff.

39. In July of 2012 Yahoo Inc. appointed the former Vice President of Google Product Search to be the Chief Executive Officer of Yahoo Inc.

40. In that July of 2012 it was Marissa Mayer who became the CEO of Yahoo Inc. who shared a resemblance to the publicly known memory plaintiff had of his former childhood babysitter who was named Marissa and shared the same color of yellow hair and was known for her participation in theatre and status as an honor roll student.

41. The image of the former babysitter of plaintiff was also exploited against plaintiff by Shannon Beethe in her era of plaintiffs deprivation as described in Medved V. Medved.

42. Around the time of November 27th, 2014 Yahoo shut off plaintiff's IMAP 4 server, which is the server of an emailing application that receives emails as plaintiff was completely unable to receive emails.

43. The IMAP 4 server was not reinstated until October of 2015 the next year.[1]

## 44. Jury Demanded

45. Pursuant to Federal Rule of the Civil Procedure 38, the plaintiff demands a jury on any issue so triable by right of a jury.

### 46. FIRST CLAIM FOR RELIEF

### CONSPIRACY TO VIOLATE THE PLAINTIFF'S CIVIL RIGHTS BY THE DEFENDANT

**47.** The plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "47" with the same force and effect as if fully set forth herein.

48. Pursuant to the conspiracy, defendants violated plaintiffs privacy, their privacy policies, and the laws of the United States.

49. The aforesaid conduct of the defendants operated to deprive the plaintiff of important well established rights under the Constitution and the laws of the United States including, but not limited to, his right to privacy.

50. As a result of the foregoing, the plaintiff was deprived of his liberty, was publicly embarrassed, defamed of his true character, and humiliated, was caused to suffer severe emotional distress, and was forced to incur substantial monetary losses.

### 51. SECOND CLAIM FOR RELIEF

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

[1] This complaint has no update available from the last complaint filed and is brought again to the Federal District Court in hopes plaintiff will receive his due process rights and be exempt from rogue orders.

**52.** The plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "52" with the same force and effect as if fully set forth herein.

53. The aforementioned was extreme and outrageous, and exceeded all reasonable bounds of decency.

54. As a result of the aforementioned conduct, defendants plight to violate plaintiff and damage plaintiff's reputation and has caused the plaintiff to suffer extreme humiliation, emotional distress, reputation impairment, anxiety and future anxiety, impairment of community standing and future standing.

55. The aforementioned conduct was intentional and done on purpose and done for the sole purpose of causing the plaintiff severe emotional distress for defendants personal gain in racketeering activity related to acts described in the complaint against Dreamworks Animation.

56. As a result of the aforementioned conduct the plaintiff suffered severe emotional distress, together with embarrassment, humiliation, shock, fright, loss of freedom, and defamation of character.

57. As a result of the foregoing, the plaintiff was deprived of his liberty, was denied fundamental rights, he was publicly embarrassed, humiliated, and defamed of his true character, and he was caused to suffer severe emotional distress.

## 58. THIRD CLAIM FOR RELIEF

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

59. The plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "59" with the same force and effect as if fully set forth herein.

60. As a result of the aforesaid conduct by the defendants, the defendants have caused the plaintiff to suffer defamation of character, impairment of reputation, and community standing has taunted the community to inflict emotional distress upon the plaintiff through impairment of reputation, along with community standing and future standing that the defendants have negligently forced plaintiff to suffer.

61. As a result of the aforesaid conduct by the defendants the plaintiff has suffered severe emotional distress, defamation of character, anxiety, impairment of reputation, community standing and future standing which damaged the plaintiff's honesty, integrity, and virtue to the community.

**62. <u>FOURTH CLAIM FOR RELIEF</u>**

**<u>CONSUMER FRAUD</u>**

63. The plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "63" with the same force and effect as if fully set forth herein.

64. Each organization listed as a defendant in this action deliberately and maliciously violated their privacy policy in their plight to violate plaintiff of his civil rights and contribute to the racketeering activity of Dreamworks Animation against plaintiff.

65. As a result of the aforementioned conduct the plaintiff suffered severe emotional distress, together with embarrassment, humiliation, shock, fright, loss of freedom, and defamation of character.

66. As a result of the foregoing, the plaintiff was deprived of his liberty, was denied fundamental rights, he was publicly embarrassed, humiliated, and defamed of his true character, and he was caused to suffer severe emotional distress.

**67. <u>FIFTH CLAIM FOR RELIEF</u>**

## PUBLICITY GIVEN TO PRIVATE LIFE

68. The plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "68" with the same force and effect as if fully set forth herein.

69. Defendants have widely disclosed private information protected by the Electronic Communications Privacy Act of 1986 along with information gathered through illegal cookies similar to those addressed in *United States Vs. Google Inc.* to many news agencies and other organizations that could spread gossip on plaintiff.

70. As a result of the aforementioned conduct the plaintiff suffered severe emotional distress, together with embarrassment, humiliation, shock, fright, loss of freedom, and defamation of character.

71. As a result of the foregoing, the plaintiff was deprived of his liberty, was denied fundamental rights, he was publicly embarrassed, humiliated, and defamed of his true character, and he was caused to suffer severe emotional distress.

## 72. SIXTH CLAIM FOR RELIEF

## R.I.C.O ACT VIOLATION

73. The plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "73" with the same force and effect as if fully set forth herein.

**74.** As a result of the foregoing, plaintiff has been deprived of many fundamental rights so secured in the constitutions and laws of the United States and has suffered extreme impairment of reputation, community standing, and future standing, severe emotional distress, anxiety, severe shock, fright, embarrassment, humiliation, substantial monetary losses, all because of which the plaintiff has experienced a great loss of opportunity from the community and future loss.

**75.** By reason of the aforesaid conduct by the defendant, the plaintiff demands the following relief:

76. Declaratory and Monetary relief as the courts see just and proper to be decided at trial.

Dated: Phoenix, Arizona
February 6, 2017

Respectfully submitted,

By: ______________________

Justin S. Medved (Pro Se)
2102 W. Dunlap Ave.
Phoenix, Arizona 85021
Telephone: (480)547-7828
Email: info@justinmedved.com